UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ELLIS, SR.,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN-KVSP,<br><br>　　　　　Respondent. | No. 1:22-cv-00540-SKO (HC)<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**<br><br>**FINDINGS AND RECOMMENDATION TO SUMMARILY DISMISS PETITION AND DENY MOTION FOR PRELIMINARY INJUNCTION**<br><br>**[TWENTY-ONE DAY OBJECTION DEADLINE]** |

Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed the instant habeas petition on May 5, 2022, challenging his previous incarceration pursuant to a 2017 conviction in Kern County Superior Court. Petitioner has also filed a motion for a preliminary injunction. (Doc. 2.) Because the petition is unexhausted and the Court lacks jurisdiction to consider the claims, the Court will recommend it be DISMISSED. The Court will further recommend that the motion for injunctive relief be DENIED.

**DISCUSSION**

A.　Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

1

petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

B.    Exhaustion

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66. In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added), *as amended by* Lyons v. Crawford, 247 F.3d 904, 904-5 (9th Cir. 2001).

Petitioner states he filed a habeas petition in the Kern County Superior Court challenging his ongoing detention. He states the appeal was denied, and he is "submitting this as an appeal to [the] previous attached habeus [sic] corpus (No. HC016993A)." (Doc. 1 at 3.) It is clear that Petitioner has not sought relief at all levels of the state courts before filing his federal habeas petition, and the petition is unexhausted. Petitioner is advised that the California Court of Appeal, Fifth Appellate District, is the proper forum to appeal his habeas petition. Petitioner must first exhaust his state remedies, including presenting his claims to the California Supreme Court, before he can proceed with a federal habeas petition here. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001).

C.      Lack of Jurisdiction

In addition, the Court lacks jurisdiction to consider Petitioner's claims. Petitioner alleges he was held in custody beyond his release date on his prior conviction. Petitioner indicates he is currently being detained, but he concedes it is pursuant to a different matter. He states he "still want[s] CDCR held to answer for [the previous] unlawful detainment and to pay damages in the amount of $20,000.00 . . . ." (Doc. 1 at 4.)

Pursuant to 28 U.S.C. § 2254(a), the Court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court *only on*

*the ground that he is in custody* in violation of the Constitution or laws or treaties of the United States." (emphasis added.)  Thus, to obtain habeas relief under 28 U.S.C. § 2254(a), the petitioner must demonstrate that he is "in custody" at the time the petition is filed.  Spencer v. Kemna, 523 U.S. 1, 7 (1998).  If he is not "in custody," the Court is without jurisdiction to entertain the petition.  Maleng v. Cook, 490 U.S. 488, 490 (1989) (*per curiam*); Williamson v. Gregoire, 151 F.3d 1180, 1182 (9th Cir.1998).  In addition to the petitioner being in custody when the petition is filed, his claim must assert the right to be released.  U.S. v. Kramer, 195 F.3d 1129, 1130 (9th Cir. 1999) (*as amended*).

At the time this petition was filed, Petitioner was not "in custody" pursuant to the previous conviction at issue here, and he does not assert the right to be released from his current custody. Thus, Petitioner is not in custody and the Court is without jurisdiction.  Moreover, habeas corpus is not the proper forum to seek damages for unlawful incarceration.  Rather, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper forum for such a remedy.  See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  The petition should be dismissed.

D.      Motion for Preliminary Injunction

Contemporaneously with his petition, Petitioner filed a motion for preliminary injunction. (Doc. 2.)  The motion is directed to the wrong court, i.e., the Kern County Superior Court, and Petitioner provides no argument why injunctive relief should be granted.  Moreover, the Court lacks jurisdiction to consider the petition.  The motion should be denied.

**ORDER**

IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a District Judge to the case.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED and the motion for preliminary injunction be DENIED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within twenty-one (21) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **May 6, 2022**              /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE