1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHARLES ELLIS, SR.,                          No.  1:22-cv-00540-ADA-SKO (HC)

12                    Petitioner,                 ORDER ADOPTING FINDINGS AND
                                                  RECOMMENDATIONS
13                                                (Doc. No. 6)

14        v.                                      ORDER DISMISSING PETITION FOR WRIT
                                                  OF HABEAS CORPUS, DENYING MOTION
15                                                FOR PRELIMINARY INJUNCTION,
                                                  DIRECTING CLERK OF COURT TO ENTER
16                                                JUDGMENT AND CLOSE CASE, AND
     WARDEN-KVSP,                                 DECLINING TO ISSUE CERTIFICATE OF
17                                                APPEALABILITY
                     Respondent.
18

19

20        Petitioner Charles Ellis Sr. is a state prisoner proceeding *pro se* and *in forma pauperis*

21   with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter was referred

22   to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

23        On May 9, 2022, the assigned magistrate judge issued findings and recommendations to

24   dismiss the petition and deny the motion for preliminary injunction.  (Doc. Nos. 2, 6.)  Those

25   findings and recommendations were served upon all parties and contained notice that any

26   objections thereto were to be filed within twenty-one (21) days after service.  On May 25, 2022,

27   the findings and recommendations served on petitioner were returned by the U.S. Postal Service

28   as "undeliverable, not in custody."

1

1    In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the court has conducted a

2    *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the

3    magistrate judge's findings and recommendations are supported by the record and proper

4    analysis.

5    In addition, the court declines to issue a certificate of appealability.  A state prisoner

6    seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of

7    his petition, and an appeal is allowed in only certain circumstances.  *Miller-El v. Cockrell*, 537

8    U.S. 322, 335-336 (2003).  The controlling statute in determining whether to issue a certificate of

9    appealability is 28 U.S.C. § 2253, which provides as follows:

10
        (a)      In a habeas corpus proceeding or a proceeding under section 2255 before a
        district judge, the final order shall be subject to review, on appeal, by the court of
11      appeals for the circuit in which the proceeding is held.

12      (b)      There shall be no right of appeal from a final order in a proceeding to test
        the validity of a warrant to remove to another district or place for commitment or
13      trial a person charged with a criminal offense against the United States, or to test
        the validity of such person's detention pending removal proceedings.
14
        (c)      (1) Unless a circuit justice or judge issues a certificate of appealability, an
15      appeal may not be taken to the court of appeals from—

16              (A) the final order in a habeas corpus proceeding in which the
                detention complained of arises out of process issued by a State
17              court; or

18              (B) the final order in a proceeding under section 2255.

19      (2) A certificate of appealability may issue under paragraph (1) only if the
        applicant has made a substantial showing of the denial of a constitutional
20      right.

21      (3) The certificate of appealability under paragraph (1) shall indicate which
        specific issue or issues satisfy the showing required by paragraph (2).
22

23    If a court denies a petitioner's petition, the court may issue a certificate of appealability

24    only when a petitioner makes a substantial showing of the denial of a constitutional right.  28

25    U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that

26    "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have

27    been resolved in a different manner or that the issues presented were 'adequate to deserve

28    encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting

2

1   *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

2          In the present case, the court finds that petitioner has not made the required substantial

3   showing of the denial of a constitutional right to justify the issuance of a certificate of

4   appealability.  Reasonable jurists would not find the court's determination that petitioner is not

5   entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to

6   proceed further.  Thus, the court declines to issue a certificate of appealability.

7          Accordingly,

8          1.      The findings and recommendations issued on May 9, 2022, (Doc. No. 6) are

9                  adopted in full;

10         2.      The motion for preliminary injunction (Doc. No. 2) is denied;

11         3.      The petition for writ of habeas corpus is dismissed;

12         4.      The clerk of court is directed to enter judgment and close the case; and

13         5.      The court declines to issue a certificate of appealability.

14         This order terminates the action in its entirety.

15

16

17   IT IS SO ORDERED.

18     Dated:    September 8, 2022                  _____

19                                          UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28

3